28 F.3d 114
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jesse L. WILLIAMS, Plaintiff-Appellant,
v.
The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY and
Brotherhood Railway Carmen Division/T.C.U. Shawnee
Lodge 6887, Defendants-Appellees.
 No. 93-3170.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1994.
 
 1
 (D.Kan.), No. 91-4221.
 
 
 2
 Andrea Lybarger (Steven M. Dickson with her, on the brief) of Dickson & Pope, P.A., Topeka, Kan., for plaintiff-appellant.
 
 
 3
 J. Stephen Pigg of Fisher, Patterson, Sagler & Smith, Topeka, Kan., for The Atchison, Topeka and Santa Fe Ry. Co., for defendant-appellee.
 
 
 4
 D.Kan.
 
 
 5
 Affirmed.
 
 
 6
 Before MOORE AND MCKAY, Circuit Judges, and PARKER,* District Judge.
 
 
 7
 ORDER AND JUDGMENT**
 
 
 8
 PARKER, District Judge.
 
 
 9
 Mitchell M. Kraus, General Counsel, Transportation-Communications International Union, Rockville, Maryland, for Brotherhood Railway Carmen Division/T.C.U. Shawnee Lodge 6887, Defendant-Appellee.
 
 
 10
 This is a 42 U.S.C. Sec. 1981 action on appeal from the district court's grant of summary judgment in favor of both defendants. We affirm the district court.
 
 
 11
 The trial court appropriately found, based on the admissible evidence presented by the parties, that there were no genuine issues of material fact regarding the interpretation of Rule 19 and other provisions of the collective bargaining agreement between plaintiff's union and Santa Fe Railway. Uncontroverted evidence established that Rule 19, which gave rehiring preference on the basis of seniority, had always been interpreted to apply only to placement of an employee within the employee's own craft. Plaintiff was a member of the carmen's craft, based in Topeka. Plaintiff claimed that, although he filled out a job application form under Rule 19 in which he designated "carman" as the position for which he was applying, defendants should have treated this as an application for a job in any craft, including a position in the laborer craft in Kansas City. Furthermore, plaintiff contended that the seniority to which he was entitled in the carmen craft should have carried over to his application for the position of laborer. However, based on the uncontroverted interpretation of Rule 19, the trial court correctly determined that plaintiff failed to state a prima facie case under McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802 (1973). Plaintiff could not show that in filling out an application form in accordance with Rule 19 he had applied for the position of laborer rather than for a position within his own craft as a carman or that his carmen's rehire seniority was transferrable to the position of laborer. The trial court also properly concluded that plaintiff failed to state a prima facie case because plaintiff presented no evidence that he was qualified for the position of laborer.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable James A. Parker, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470